UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Troy D.,

 Plaintiff,

v.              Civil Action No. 2:17–cv–235

Commissioner of Social Security,

 Defendant.

## **OPINION AND ORDER**
(Docs. 12, 17)

Plaintiff Troy D. brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting review and remand of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Pending before the Court are Plaintiff's motion to reverse the Commissioner's decision for further proceedings and a new decision (Doc. 12), and the Commissioner's parallel motion to remand the same decision for further proceedings and a new decision (Doc. 17).

The parties agree that Plaintiff's claim should be remanded, but disagree regarding the terms of the remand order. Specifically, Plaintiff argues in his motion that, on remand, the ALJ should be required to: (a) reopen Plaintiff's prior DIB/SSI claim and consider whether Plaintiff was disabled for the entire alleged disability period beginning on February 20, 2008; (b) reanalyze the relevant treating physician opinions; and (c) formulate a new residual functional capacity (RFC)

determination. (*See* Docs. 12, 12-1.) The Commissioner asserts in her motion that the claim should be remanded for the sole purpose of determining if substance abuse was a contributing factor material to Plaintiff's disability. (*See* Doc. 17.) The Commissioner explains that the ALJ erred in "attempt[ing] to address [the] materiality of [Plaintiff's] substance abuse without going through th[e required two-step] sequential evaluation process." (*Id.* at 6 (citing AR 24, 35).) The Commissioner further states that the ALJ's analysis of Plaintiff's mental RFC focused on Plaintiff's functionality without drug abuse (after he began opioid treatment), but the ALJ should have first determined Plaintiff's mental RFC *with* the drug abuse. (*See id.*)

Plaintiff filed a response to the Commissioner's motion, objecting to the Commissioner's assertion that the claim should be remanded for the sole purpose of determining whether substance abuse was a contributing factor material to Plaintiff's disability, and reiterating that the Court should remand the claim to consider all the issues raised in Plaintiff's motion, including the ALJ's alleged de facto reopening of Plaintiff' original application; the ALJ's rejection of the treating physician opinions; and the ALJ's RFC finding that Plaintiff would be off task for not more than 10% of the workday. (*See* Doc. 18.) Plaintiff explains that the Commissioner has not objected to or opposed any of these issues, and thus the Court should reverse for the reasons explained in Plaintiff's motion. (*See id.* at 1.) Plaintiff further asks that the Court consider and decide *at this time* whether the ALJ reopened Plaintiff's prior claim, asserting that, by reviewing the entire record

and rendering a decision on the merits, the ALJ constructively reopened the claim. (*See id.* at 1–2.)

The Commissioner filed a reply to Plaintiff's response, asserting that the Court need not make a decision regarding whether the ALJ reopened the prior claim because, "[w]hen the Appeals Council remands a case . . . after a court remand, [it] generally vacates the entire previous ALJ decision, and the ALJ considers all issues de novo." (Doc. 19 at 2.) Plaintiff filed a response to the Commissioner's reply, stating that the Commissioner waived the argument that the ALJ did not reopen the prior claim by failing to include it in her original motion to remand. (*See* Doc. 20 at 2.) Moreover, Plaintiff refutes the Commissioner's claim regarding reopening the prior claim, contending that, if the Court's remand order includes findings on the issue, the Commissioner is bound by those findings under the law of the case doctrine. (*See id.* at 1.)

Given the parties' agreement to remand Plaintiff's claim, it is a waste of judicial resources for the Court to consider either Plaintiff's or the Commissioner's substantive arguments at this time. In general, where, as here, the plaintiff and the Commissioner agree that the ALJ's decision contains a legal or factual error requiring remand, the best practice is for the parties to submit a stipulated order for the Court's signature, remanding the matter for further proceedings and a new decision, rather than the parties filing briefs disputing which issues should be considered and/or whether a hearing should be held on remand. *See Burns v. Astrue*, Civil No. 09–109–P–H, 2009 WL 4910483, at *1 (D. Me. Dec. 13, 2009)

3

("When this court remands a Social Security appeal before considering its merits because the parties agree that further action by the [C]ommissioner is warranted, it remands for the reasons and with the conditions to which the parties have agreed."). Clearly, the parties and the court all have an interest in the efficient administration of social security claims and the avoidance of unnecessary litigation. Voluntary remand motions are encouraged when the Commissioner discovers reversible error during litigation, and the court's involvement in the remand in those cases should be swift in order for the claim to proceed toward resolution.

On remand, the Appeals Council may exercise its discretion in regard to which ALJ findings to affirm, modify, or reverse, 20 C.F.R. §§ 404.983, 416.1483; and it may do so based on the same arguments that counsel would present to the court. It makes little sense for the court to referee the scope of a voluntary remand order when the Commissioner retains decision-making discretion on remand. *See Burns*, 2009 WL 4910483, at *1 ("There is no need to spend the court's and the parties' time conducting oral argument on the merits of the current appeal when any . . . issues raised by that appeal may well be resolved by the remand to which the parties agree, but for a single phrase of unremarkable language."). Therefore, the Court grants the parties' request to remand, and remands for further proceedings and a new decision regarding each issue addressed in Plaintiff's and the Commissioner's motions, for the period beginning on February 20, 2008, including: the ALJ's analysis of the treating physician opinions; the ALJ's finding that Plaintiff would be off task for not more than 10% of the workday; and the ALJ's

4

analysis of whether Plaintiff's substance abuse was a contributing factor material to his disability.

Regarding the ALJ's constructive reopening of the prior claim, the Court agrees with Plaintiff that the ALJ did constructively reopen that claim, as the ALJ made findings on the merits for the entire period from Plaintiff's original alleged disability onset date of February 20, 2008 through the date of the decision. (*See* AR 21, 40 (ALJ stating that Plaintiff "has not been under a disability . . . from February 20, 2008, through the date of this decision"); *see also* AR 29, 31–33, 35, 37–38 (ALJ considering evidence from the period under review in the prior application, including evidence dated August 2008, February 2009, and October 2011).) *See Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003) ("If the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived." (internal quotation marks omitted)); *Sanville v. Comm'r of Soc. Sec.*, Civil Action No. 2:16–cv–251, 2017 WL 4174783, at *6 (D. Vt. Sept. 20, 2017) ("When the ALJ, in denying a petition to reopen an earlier application, addresses the merits of that application, he is said to have constructively reopened the prior application."). The Commissioner's motion appears to support this finding (though she states otherwise in her later reply (*see* Doc. 19)), as it includes discussion of two of Plaintiff's drug-related incidents occurring in March 2010 and August 2011, both within the period of the prior claim. (*See* Doc. 17 at 6 (citing AR 562, 637).) Were the Court to leave open the question of whether the ALJ reopened the prior claim,

5

the Commissioner could possibly evade the consequences of the reopening by seeking remand solely on another ground, e.g., the ALJ's failure to make a finding on the materiality of Plaintiff's substance abuse. (*See* Doc. 18 at 2, Doc. 20 at 2).

Accordingly, the Court GRANTS Plaintiff's motion to remand (Doc. 12); GRANTS the Commissioner's motion to remand (Doc. 17), in part; and REMANDS for further proceedings and a new decision. On remand, the Commissioner shall reconsider: (1) the ALJ's analysis of the opinions of treating physicians Dr. Richard Lautenback, Dr. Dean Mooney, and Dr. Dean McKenzie; (2) the ALJ's finding that Plaintiff would be off task for no more than 10% of the workday; and (3) the materiality of Plaintiff's substance abuse. Moreover, given the ALJ's constructive reopening of the prior claim, the Commissioner shall consider the prior claim in the new decision, and the alleged disability period beginning on February 20, 2008.

Dated at Burlington, in the District of Vermont, this 18th day of October 2018.

/s/ John M. Conroy  
John M. Conroy  
United States Magistrate Judge